UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Christopher Odom, | ) | C/A No. 5:17-2487-RMG-KDW |
|---|---|---|
| Petitioner/Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Sheriff Al Cannon; Chief Beatty; Stephanie Singleton; John Kolzeski; Judge Gosnell; J. M. Richardson; Alan Wilson; Charles Patrick; Clerk of Court; Michael Grant; Judge Mullins; Mt. Pleasant, Town of; SLED; SCDC Director; SCDC Medical Director; SCDC Records Director; SCDC Transportation Director; Parole and Pardons of SC Director; SC Budget and Control Director; SC Workman Compensation; Gov. Henry McMaster; Julie Armstrong; Carta Bus Director; Trident Medical Hospital Director; Stephen Key; SC Negligence, Malicious Damage, Malpractice Insurer Insurance; Champus Insurance; DHEC; MUSC Director; Carolinas Occupational Healthcare Director; SCDC Records Case # 251692; Dollar Tree; Jason Thomas King; 9th Circuit Court Bailiff; Judge James Wilson, and Juanita Riley, | ) | |
| Respondents/Defendants. | ) | |

This is a civil action filed pro se by a local detainee.[1] Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all

---

[1] The pro se litigant's initial pleading indicates that it is both a habeas-corpus petition and a civil complaint because he cites to both 28 U.S.C. §§ 2241, 2254 and 42 U.S.C. §§ 1983, 1985 as the jurisdictional basis for his claims for both release from incarceration and money damages. He also uses the terminology "Petitioner" and "Plaintiff" and "Defendants" and "Respondents" interchangeably and seeks both release from custody and damages. ECF No. 1 at 1-11. The Clerk of Court has docketed the case as one filed pursuant to 28 U.S.C. § 2254. This case is properly considered a "hybrid" action and this Report addresses the initial pleading under law applicable to both habeas and non-habeas civil actions. *See, e.g., Chase v. Comm'r of Md. Dep't of Corrs.*, 378 F. App'x 332 (4th Cir. 2010); *Tibbs v. Meehan*, No. JKB-15-3214, 2016 WL 2770517 (D.

pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal.

I. Factual Background

According to publicly available information, Christopher Odom ("Plaintiff") is a detainee at the Sheriff Al Cannon Detention Center in Charleston County, South Carolina ("CCDC"). *See* http://inmatesearch.charlestoncounty.org/results.aspx?LN=odom&FN=christopher&BDF=&BDT=&ADF=&ADT=&IN=&SPA=False&SNDX=False (last consulted Dec. 5, 2017). In his difficult-to-decipher initial pleading in this case, Plaintiff alleges that his constitutional rights were violated in June 2015 when the presiding judge refused to dismiss the criminal charges that are currently pending against him. He asserts that neither his court-appointed counsel nor the complaining witness attended a hearing and contends that the judge should have dismissed the charges as a result. Plaintiff also alleges that his constitutional rights were violated in 1998 when he was convicted of undisclosed charges and incarcerated in the South Carolina Department of Corrections ("SCDC") prison system. Plaintiff also alleges that his current conditions of confinement are unconstitutional because of his confinement "behind deadlock . . . door approx. 23 hours a day with no way to contact officer in emergency," and peeling paint and mold at the CCDC. In this regard, he does not specify which of the 35 Defendants he has listed have caused the conditions or controlled the premises. Instead, Plaintiff states that "all listed captioned defendants" and are "violating [his] life, liberty and pursuit of happiness due to living condition, housing condition, clothing condition, food service condition too." Plaintiff seeks release from custody and $52 million in damages.

---

Md. May 12, 2016) (considering claims for habeas and civil-rights violation in same litigation). For ease of reference, the litigant will be referred to as Plaintiff and the initial pleading will be referred to as the Complaint.

II.  Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 72 (4th Cir. 2016). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.  Discussion

Initially, to the extent that this case is considered a habeas corpus action, the initial pleading is subject to summary dismissal to the extent that it seeks release from custody because of the state court's refusal to dismiss the pending charges because this claim is duplicative of the claim raised and rejected in *Odom v. Director, Charleston County Detention Center*, No. 5:17-

cv-01906-RMG-KDW (case closed Aug. 24, 2017) (appeal pending). As in that case, there are no allegations showing that Plaintiff exhausted his state court remedies relative to the pending charges. Therefore, no plausible habeas corpus claim is stated.

To the extent that the initial pleading is considered a complaint filed pursuant to §§ 1983 and 1985, it is subject to summary dismissal insofar as Plaintiff complains about the state court judge's rulings because this court should not interfere with ongoing state criminal prosecutions under the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny. *Younger* and other cases hold that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See*, *e.g.*, *Younger*, 401 U.S. at 44; *Nivens v. Gilchrist,* 319 F.3d 151, 154-55 (4th Cir. 2003); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). Plaintiff has not shown that there are extraordinary circumstances requiring this court's interference in his pending criminal case.

Furthermore, none of Plaintiff's allegations about the conditions of his confinement in SCDC in 1998 state any plausible habeas or non-habeas civil claims because the statute of limitations has long run on any such claims. First, conditions-of-confinement claims are not properly raised in a habeas action. *See, e.g., Lee v. Winston*, 717 F.2d 888, 892 (4th Cir. 1983); *Crouchman v. Lofties*, No. 9:16-1707-CMC-BM, 2016 WL 4727322, at *4 (Aug. 5, 2016), *report and recommendation adopted*, 2016 WL 4719997 (D.S.C. Sept. 9, 2016); *Marcum v. Esparza*, No. 2:10cv107, 2010 WL 4955703, at *1 (N.D.W. Va. Sept. 14, 2010). Second, when considered as §§ 1983, 1985 claims, Plaintiff's allegations are raised over 16 years too late. In South Carolina, the general or residual statute of limitations for personal injury claims is codified at S.C. Code Ann. § 15-3-530(5), which provides that the statute of limitations is three years for "an action for assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law. . . ." This statute of limitations has been held to be the

applicable statute of limitations for § 1983 claims in the United States District Court for the District of South Carolina in many cases. *See, e.g., Huffman v. Tuten,* 446 F. Supp. 2d 455 (D.S.C. 2006); *Singleton v. City of Georgetown*, No. 2:15-02579-DCN, 2017 WL 570007, at * 4 (D.S.C. Feb. 13, 2017); *Ward v. Parole, Probation, & Pardon Bd.,* No. 2:07-cv-0106-HMH-RSC, 2007 WL 3377163 (D.S.C. Nov. 7, 2007). Here, Plaintiff would have had three years from 1998 in which to file a § 1983 action in this court concerning conditions of confinement in 1998. He did not. Accordingly, the Complaint is subject to summary dismissal insofar as it seeks relief for anything that occurred during his SCDC confinement in 1998.

Finally, insofar as Plaintiff seeks to assert claims arising from his current conditions of confinement, his pleading is subject to summary dismissal because he has not alleged with sufficient specificity which, if any, of the many named Defendants are personally responsible for the conditions. His blanket reference to "all listed captioned defendants" is far too broad and vague to satisfy the established pleading requirement that a plaintiff show that something happened to him and that this particular defendant caused it. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (pleading must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). It is clear that most of the named Defendants have no connection whatsoever to the detention center where Plaintiff is incarcerated.

This detainee has filed over 35 cases in this court since 1998. Most of those cases have been summarily dismissed, often for reasons similar to those discussed in this case. Over and over, this detainee has been told that his pleadings must conform to Federal Rule of Civil Procedure 8 and that he must plead with sufficient specificity to permit this court to understand which of his always numerous defendants he seeks to sue for which claim or claims sought to be raised. Plaintiff has been informed that using collective terminology such as "all listed captioned

5

defendants" does not comply with the requirements of Rule 8. Nevertheless, he persists in naming an excessive number of defendants without informing that court which, if any, of the named defendants are connected to which of his rambling allegations. Plaintiff's continued failure to name specific Defendants in connection with his assertions of wrongdoing by someone not identified, his assertion of stale claims arising from events that occurred over 18 years ago, and his attempts to enjoin state criminal proceedings despite having been told numerous times that such is not permitted require excessive expenditure of limited court resources and render this pleading frivolous.

Because some of the noted inadequacies in the pleading under review could possibly be cured by amendment, the case should be dismissed without prejudice. *See Amekudzi v. Bd. of City of Richmond Pub. Sch.*, No. 3:07-CV-645, 2007 WL 4468683, at *1 (E.D. Va. Dec. 17, 2007) (citing *Young v. Nickols,* 413 F.3d 416, 418 (4th Cir. 2005) (ruling that an order dismissing a complaint without prejudice is final only if it clearly indicates that the plaintiff could not eliminate the defect(s) in the complaint by amending it)). Nevertheless, because of the frivolity of the pleading, a valid strike may be issued under the Prison Litigation Reform Act ("PLRA"). *See McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) (while dismissal without prejudice for failure to state a claim does not support a strike, dismissal without prejudice for frivolity may constitute a strike); *Lester v. Ratigan*, No. 4:12-0016-TMC, 2012 WL 1032619 (D.S.C. Mar. 27, 2012), *aff'd*, 487 F. App'x 125 (4th Cir. 2012) (affirming strike on a claim which was summarily dismissed, without prejudice, as frivolous); *Holmes v. Fraser*, No. 9:11-cv-1204-SB, 2011 WL 2600619, at *1 (D.S.C. June 29, 2011) (summary dismissal without prejudice, strike issued for frivolity based on the filing of repetitive pleadings).

IV.  Recommendation

Accordingly, it is recommended that the district court dismiss this action *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

To the extent that the initial pleading is considered a Complaint filed pursuant to §§ 1983, 1985, *see infra* note 1, it is further recommended that this case be considered a strike under 28 U.S.C. § 1915(g) because it is frivolous.[2]

IT IS SO RECOMMENDED.

December 8, 2017  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2] While this case has been docketed as a habeas corpus action because that is how Plaintiff captioned his pleading, it is clear that the pleading is, for the most part, a non-habeas civil action. Given Plaintiff's request for $26 million in damages, *see Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973) (damages are not available in a habeas-corpus action) and his naming of 38 "Respondent/Defendants," the vast majority of whom are not Plaintiff's custodian, *see Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (prisoner's custodian is only proper respondent in a habeas case), coupled with his alternating use of the terminology "respondent" and "defendant" throughout the pleading, it is clear that Plaintiff is consciously attempting to avoid application of § 1915(g) to his filing by labeling something that is clearly a complaint a petition. Plaintiff should not be permitted to circumvent the statutory requirements of the PLRA by calling his pleading a habeas petition and then proceeding to assert damage claims. *See Andrews v. King*, 398 F.3d 1113, 1123 n.12 (9th Cir. 2005) (recognizing that "some habeas petitions may be little more than 42 U.S.C. § 1983 actions mislabeled as habeas petitions so as to avoid the penalties imposed by 28 U.S.C. § 1915(g)" and stating that in such cases the habeas petition may count as a "strike").