

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Christopher Odom, | ) | Civil Action No. 5:17-2487-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Sheriff Al Cannon, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending the petition for habeas relief be summarily dismissed. For the reasons set forth below, the Court adopts the Report and Recommendation and dismisses the petition for habeas relief.

## I.    Background

Petitioner is a pretrial detainee at the Charleston County Detention Center. Plaintiff alleges that his constitutional rights were violated in June 2015 when the state court refused to dismiss criminal charges currently pending against him when neither his court-appointed counsel nor the complaining witness attended an initial appearance hearing. Plaintiff also alleges that his constitutional rights were violated in 1998 when he was convicted of undisclosed charges and incarcerated. Petitioner also makes allegations about conditions at the Charleston County Detention Center. Plaintiff seeks release from custody and $52 million in damages. On December 8, 2017, the Magistrate Judge recommended summary dismissal of the petition for habeas relief. Petitioner filed no objections to the Report and Recommendation.

## II.   Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n. 9 (4th Cir.2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored" though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

## III.   Discussion

Petitioner styles his action as a petition for writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254. However, he names 35 persons as Respondents. That, combined with the petition's allegations regarding conditions at the Charleston County Detention Center and the prayer for money damages, may evidence a desire to assert § 1983 claims relating to conditions of confinement. In addition to $52 million in damages, however, Petitioner seeks release from custody. (Dkt. No. 1 at 10.) Moreover, Petitioner has filed more than thirty meritless cases in this Court, and, consequentially, 28 U.S.C. § 1915 may bar him by from filing a § 1983 action *in forma*

*pauperis*, though it cannot bar him from filing a habeas action *in forma pauperis*. *See Smith v. Angelone*, 111 F.3d 1126, 1131 (4th Cir. 1997). The Court therefore declines to construe the present petition for habeas relief as a conditions of confinement action under § 1983. In a habeas action, the proper respondent is the custodian of the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). In this case, the custodian is Sheriff Al Cannon. For that reason, the Court summarily dismisses all named Respondents except Sheriff Al Cannon. The habeas claim against Sheriff Al Cannon is subject to summary dismissal because it is duplicative of Petitioner's habeas claim in *Odom v. Director, Charleston County Detention Center*, Civ. No. 5:17-1906-RMG-KDW (D.S.C. Nov. 2, 2017), *appeal docketed*, No. 17-7511 (4th Cir. Nov. 15, 2017).

## IV.    Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 11) and **DISMISSES WITHOUT PREJUDICE** the petition for habeas relief.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 18, 2017
Charleston, South Carolina